UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, doing business in Illinois as BLUE CROSS AND BLUE SHIELD OF ILLINOIS,<br><br>    Plaintiff,<br>v.<br><br>QHCCS, LLC,<br><br>    Defendant. | Case No. 1:26-cv-2387 |

## COMPLAINT

COMES NOW Health Care Service Corporation, a Mutual Legal Reserve Company doing business in Illinois as Blue Cross and Blue Shield of Illinois ("***BCBSIL***"), by and through undersigned counsel, and for its Complaint against QHCCS, LLC ("***Quorum***") hereby alleges as follows:

## NATURE OF THE CASE

1. This case arises out of Quorum's breach of contract relating to a Letter of Agreement between the Parties (the "***Agreement***") in which Quorum was obligated to pay BCBSIL the designated portion of an outstanding balance that had accrued through a healthcare facility previously owned and operated by Quorum in Illinois (the "***Quorum Gateway Balance***").

2. Under the terms of the Agreement, Quorum was to satisfy this obligation by making nine monthly payments to BCBSIL in determined amounts. Quorum made only two monthly installments before defaulting on its obligation.

3. Quorum's breach of the Agreement has damaged BCBSIL in the amount of not less than $3,230,858.00 and resulted in the unjust enrichment of Quorum as Quorum has failed to pay back monies it owes to BCBSIL plus costs and legal fees incurred in connection with BCBSIL's enforcement of its right under the Agreement. BCBSIL brings this action to enforce the Agreement and get its monies paid.

## PARTIES

4. BCBSIL is a Mutual Legal Reserve Company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

5. BCBSIL is a managed care organization that offers and administers health insurance and health benefit plans for Illinois residents who are members or beneficiaries of those plans.

6. In this role, BCBSIL provides health care coverage for members by, among other things, contracting with medical providers and entities through which members can obtain health care and services from those contracted medical providers.

7. Quorum is a Delaware limited liability company with its principal place of business in Tennessee, which owns and operates various healthcare facilities in Illinois.

8. Upon information and belief, none of Quorum's members is a citizen of Illinois.

9. Quorum previously owned and operated various healthcare facilities in Illinois.

10. Quorum and BCBSIL entered into various participation agreements pursuant to which various of Quorum's healthcare facilities were participating providers in BCBSIL's networks.

## JURISDICTION AND VENUE

11. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) given that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over Quorum based upon multiple grounds, including because Quorum transacts business in Illinois and the dispute concerns Quorum's ownership and operation of healthcare facilities in Illinois and agreement to pay money to an Illinois company.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events giving rise to the claims herein occurred in this District. In addition, in the Agreement, the Parties agreed to the jurisdiction and venue of this Court in the Agreement.

## FACTUAL BACKGROUND

14. BCBSIL and various Quorum facilities were parties to participation agreements under which BCBSIL compensated the Quorum facilities for services rendered to BCBSIL's members in accordance with agreed reimbursement terms.

15. During the course of the business relationship, BCBSIL made prospective and concurrent payments to the Quorum facilities for services rendered to BCBSIL members.

16. At or around the end of 2022, the Parties agreed that BCBSIL had made these payments to various Quorum facilities that resulted in an outstanding balance due to BCBSIL, including to a facility called Gateway Regional Medical Center ("**Gateway**").

17. On July 1, 2024, BCBSIL and Quorum entered into the Agreement, pursuant to which Quorum agreed to repay BCBSIL the outstanding balance of $6,480,858—the Quorum Gateway Balance—which had accrued through the prospective and concurrent payment arrangement contained in the parties' participation agreements.

18. As set forth in the Agreement, Quorum's repayment of the Quorum Gateway Balance was to be made in nine monthly installments, as follows:

> "4. **Repayment Schedule**. The Parties agree that Quorum shall repay the Quorum Gateway Balance to BCBSIL by issuing timely monthly installments (each an "***Installment***") as specified in Table 1 below and pursuant to Section 5 of this LOA.

**Table 1**

| Quorum Gateway Balance Installment Schedule | | |
|---|---|---|
| **Installment** | **Due Date** | **Amount** |
| 1 | 8/15/2024 | $500,000 |
| 2 | 9/15/2024 | $600,000 |
| 3 | 10/15/2024 | $700,000 |
| 4 | 11/15/2024 | $700,000 |
| 5 | 12/15/2024 | $750,000 |
| 6 | 1/15/2025 | $750,000 |
| 7 | 2/15/2025 | $800,000 |
| 8 | 3/15/2025 | $800,000 |
| 9 | 4/15/2025 | $880,858 |
| **Quorum Gateway Balance** | | **$6,480,858** |

*See* Agreement, § 4, p. 2.

19. Under the terms of the Agreement, Quorum reaffirmed its obligations under the parties' participation agreements, including Quorum's obligation to repay the Quorum Gateway Balance. Quorum also acknowledged in the Agreement "that it has no defenses, counterclaims, or set-offs with respect to the full and immediate payment and performance of any or all of the Quorum Gateway Balance or the remaining portion of the Outstanding Balance." *See* Agreement § 3, p. 2.

20. Consistent with the terms of the Agreement, Quorum made an initial payment on August 15, 2014 in the amount of $500,000.00 and a second payment on September 15, 2024 in the amount of $600,000.00.

21. Quorum did not timely remit the third such payment under the Agreement, which was due on October 15, 2024 in the amount of $700,000.00.

22. Quorum did not timely remit the fourth such payment under the Agreement, which was due November 15, 2024 in the amount of $700,000.00. On December 6, 2024, Quorum issued an untimely payment in the amount of $700,000.00. On or about December 9, 2024, Quorum submitted another untimely payment in the amount of $700,000.00.

23. Quorum did not timely remit the fifth such payment under the Agreement, which was due December 15, 2024 in the amount of $750,000.00.

24. Quorum did not timely remit the sixth such payment under the Agreement, which was due January 15, 2025 in the amount of $750,000.00.

25. Quorum did not timely remit the seventh such payment under the Agreement, which was due February 15, 2025 in the amount of $800,000.00. Quorum issued an untimely partial payment on March 11, 2025 in the amount of $750,000.00.

26. Quorum did not timely remit the eighth such payment under the Agreement, which was due March 15, 2025 in the amount of $800,000.00.

27. Quorum did not timely remit the ninth such payment under the Agreement, which was due April 15, 2025 in the amount of $880,858.00.

28. The Agreement provides that "failure by Quorum to timely pay in full any Installment by the corresponding due date set forth in Table 1" is an "Event of Default."

29. The **Event of Default** Section in the Agreement then provides as follows:

> " . . . at any time after the occurrence of such Event of Default the entire unpaid amount of the Quorum Gateway Balance shall become immediately due and payable without presentment, demand, protest, or any other notice of any kind, all of which are hereby expressly waived by Quorum. For the avoidance of doubt, and notwithstanding anything to the contrary set forth in any Participation Agreement or any other prior agreement to which Quorum and BCBSIL are or were parties, following the occurrence of an Event of Default BCBSIL may pursue collection and recovery of the unpaid Quorum Gateway Balance by all lawful means and immediately seek to enforce its rights under this LOA in a court of competent jurisdiction, as a prerequisite to which BCBSIL shall not be required to participate in any mediation, arbitration, or other alternative dispute resolution protocol."

*See* Agreement, § 6, p. 3.

30. Given Quorum's default and pursuant to the terms of the Agreement, the entire unpaid balance of $3,230,858.00 is immediately due and payable. *See* Agreement, § 6, p. 3.

## COUNT I
### (Breach of Contract)

31. BCBSIL incorporates the allegations set forth in Paragraphs 1-30 above as if fully set forth herein.

32. At all times relevant to this litigation, BCBSIL and Quorum were parties to the Agreement, which is a valid and enforceable contract.

33. BCBSIL has fully performed its obligations under the Agreement.

34. Notwithstanding BCBSIL's performance of its duties, Quorum has failed to perform its obligations by failing to pay the required October 15, 2024, November 15, 2024, December 15, 2024, January 15, 2025, February 15, 2025, March 15, 2025, and April 15, 2025 installments in accordance with the Agreement's Payment Schedule.

35. In failing to pay the October 15, 2024, November 15, 2024, December 15, 2024, January 15, 2025, February 15, 2025, March 15, 2025, and April 15, 2025 installments, Quorum breached the Agreement.

36. As a direct and proximate result of Quorum's breach, BCBSIL has suffered and continues to suffer damages.

37. The amount of $3,230,858.00 of the Quorum Gateway Balance remains outstanding, due, and owing.

38. Section 11 of the Agreement provides:

> "11. **Costs and Fees Regarding Enforcement**. In the event of any litigation between the Parties to enforce the terms of this Agreement, the prevailing party in such action shall be entitled to seek recovery of its reasonable attorney's fees and costs related to that litigation, including costs of appeal and costs associated with collecting any resulting judgment."

*See* Agreement, § 11, p. 3-4.

39. Quorum's breach required BCBSIL to bring this instant action to enforce the terms of the Agreement.

40. As a result of Quorum's breach and BCBSIL's need to bring this lawsuit, BCBSIL is entitled to its litigation costs including reasonable attorney's fees.

WHEREFORE, BCBSIL prays that the Court enter judgment in its favor and against Quorum, as follows:

(1) Finding that Quorum breached the Agreement;

(2) Awarding BCBSIL the amount of $3,230,858.00, which remains due, outstanding, and unpaid;

(3) Awarding BCBSIL pre-judgment and post-judgment interest;

(4) Awarding BCBSIL its reasonable attorneys' fees and costs related to this litigation, including costs associated with collecting any resulting judgment; and

(5) Awarding BCBSIL such other relief as the Court deems to be just and equitable.

## COUNT II
### (Unjust Enrichment)

41. BCBSIL incorporates the allegations set forth in Paragraphs 1-30 above as if fully set forth herein.

42. In the event that the Agreement is found to be unenforceable, in the alternative to relief for breach of contract claim, BCBSIL seeks relief for Quorum's unjust enrichment.

43. Quorum benefitted from the advance payments BCBSIL made to Gateway by receiving an influx of money through concurrent and prospective payments in excess of the amounts it was ultimately entitled to receive for services rendered by Gateway pursuant to the reimbursement terms of the participation agreements.

44. Quorum now seeks to retain the advance payments.

45. It would be inequitable and unconscionable to allow Quorum to benefit from the amounts received from BCBSIL in excess of for the reasonable value of the services rendered by Gateway.

WHEREFORE, BCBSIL prays that the Court enter judgment in its favor and against Quorum as follows:

(1) Finding that Quorum has been unjustly enriched by its failure to timely repay amounts owed to BCBSIL in the amount of $3,230,858.00 and awarding that amount to BCBSIL;

(2) Awarding BCBSIL pre-judgment and post-judgment interest; and

(3) Awarding BCBSIL such other relief as the Court deems to be just and equitable.

DATED: March 3, 2026                      Respectfully submitted,

                                                       By: /s/ *Martin J. Bishop*
Martin J. Bishop
Thomas C. Hardy
CROWELL & MORING LLP
300 N. LaSalle St., Ste. 2600
Chicago, IL 60654
mbishop@crowell.com
thardy@crowell.com
T: 312.321.4200

*Attorneys for Health Care Service Corporation, a Mutual Legal Reserve Company*

- 9 -